UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br><br>        Plaintiff,<br>    v.<br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | No. C 10-05253 LB<br><br>**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 14]** |

On November 18, 2010, Plaintiff William Pickard filed a complaint alleging that Defendant U.S. Department of Justice violated the Freedom of Information Act by failing to disclose certain Drug Enforcement Agency documents following Mr. Pickard's lawful request. Complaint, ECF No. 1.[1] On February 22, 2011, the Department of Justice filed a motion to dismiss for improper venue or, alternatively, to transfer venue to the United States District Court for the District of Arizona or the United States District Court for the District of Columbia. ECF No. 14.

Mr. Pickard is currently incarcerated in a federal prison in Tucson Arizona and is proceeding *pro se*. Complaint, ECF No. 1 at 2, ¶ 4. On March 17, 2011, the clerk of the court received and entered into the docket Mr. Pickard's first amended complaint. ECF No. 20. Attached to the first amended complaint, Mr. Pickard included a proof of service dated March 8, 2011. *Id.* at 7. The envelope in

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  which the first amended complaint arrived was postmarked on March 15, 2011.  ECF No. 20-1.

2  Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint as a matter of course within 21 days of serving the original complaint or, "if the pleading is one to which a responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." The Department of Justice filed its Rule 12(b)(3) motion along with a proof of service on February 22, 2011.  Therefore, Mr. Pickard had until March 15, 2011 to file his amended complaint as a matter of course.  Fed. R. Civ. P. 15(a)(1)(B).

The court received Mr. Pickard's amended complaint and the clerk filed it on the docket on March 17, 2011 – two days after the deadline.  FAC, ECF No. 20 at 1.  However, under the "mailbox rule," a document filed by a *pro se* prisoner is deemed "filed" on the date the prisoner gives the document to prison officials to be mailed to the court.  *Houston v. Lack*, 487 U.S. 286, 270-71 (1988) (notice of appeal); *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (state habeas petition); *Funtanilla v. Rubles*, No. C 99-5425 TEH (PR), 2003 WL 21309491, at *2 (N.D.Cal. June 3, 2003) (complaint).  Mr. Pickard's proof of service indicates that on March 8, 2011, he placed his first amended complaint in institutional mail.  FAC, ECF No. 20 at 7.  The envelope in which the first amended complaint arrived was postmarked on March 15, 2011.  ECF No. 20-1.  Because Mr. Pickard gave the first amended complaint to prison officials by at the latest March 15, 2011 (the deadline for filing an amended complaint as a matter of course), he timely filed a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

The Department of Justice's pending motion is directed at Mr. Pickard's original complaint. Because that complaint is no longer the operative complaint, its motion is denied as moot.  The Department of Justice may direct any new motion at the first amended complaint.

This disposes of ECF No. 14.

**IT IS SO ORDERED.**

Dated: March 18, 2011

_____
LAUREL BEELER
United States Magistrate Judge

C 10-05253 LB
ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS
2