UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WILLIAM LEONARD PICKARD,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　　Defendant.<br>_____/ | No. C 10-05253 LB<br><br>**ORDER TRANSFERRING CASE TO EASTERN DISTRICT OF VIRGINIA, DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF Nos. 23, 29, and 30]** |

## I. INTRODUCTION

Plaintiff William Pickard, appearing *pro se* and currently serving a life sentence in Arizona federal prison following his federal conviction in the District of Kansas, filed this lawsuit alleging that the United States Department of Justice violated the Freedom of Information Act (FOIA) and the Privacy Act by failing to disclose certain Drug Enforcement Agency (DEA) documents following Mr. Pickard's lawful request. Complaint, ECF No. 1; First Amended Complaint, ECF No. 20.[1] The Department moves to dismiss or transfer for improper venue. Motion to Dismiss, ECF No. 23.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom. The operative complaint is the first amended complaint. *See* ECF No. 21.

C 10-05253 LB
ORDER TRANSFERRING CASE

1  The court deems this matter suitable for determination without oral argument. Civ. L.R. 7-1(b).
2  Because Mr. Pickard does not reside in the Northern District of California, and instead resides at a
3  federal prison in Tucson, Arizona, venue does not lie in the Northern District under FOIA or the
4  Privacy Act. Venue is proper in the district of Arizona (where Mr. Pickard resides), the Eastern
5  District of Virginia (where the records are), and the District of Columbia. Because the records are in
6  the Eastern District of Virginia, the court transfers the case there.

## II.  FACTS

In 2003, following a jury trial, a federal district court in Kansas convicted Mr. Pickard of federal drug charges and sentenced him to a life sentence. *See United States v. Apperson*, 441 F.3d 1162, 1177 (10th Cir. 2006). Currently, Mr. Pickard is incarcerated in a federal prison. First Amended Complaint, ECF No. 20 at 3, ¶ 6. Mr. Pickard claims that prior to his incarceration, he was a citizen of California and domiciled in California for over 40 years. *Id.* at 2, ¶ 4.

As to his FOIA request, Mr. Pickard alleges that during his trial, San Francisco Drug Enforcement Agency Agent Karl Nichols testified about risk assessments that he had prepared in San Francisco with the help of DEA Agents Steve Horn and Lowrey Leong in accordance with the DEA Agent's Manual. *Id.* at 2, ¶ 5(a). Mr. Pickard alleges that the San Francisco DEA office controlled an informant who was involved in his arrest and conviction. *Id.* After timely making a FOIA request with the DEA and exhausting his administrative remedies, Mr. Pickard filed a complaint in this case on November 18, 2010 and then a first amended complaint on March 17, 2011. Complaint, ECF No. 1; First Amended Complaint, ECF No. 20. In his complaint,[2] he seeks records under FOIA and the Privacy Act regarding the implementation and use of the DEA Agent's Manual section 6612.13 regarding the risk assessment factors for confidential informants. ECF No. 20 at 3-4, ¶ 8. Mr. Pickard claims that the Department of Justice has wrongfully withheld this information in violation of FOIA. *Id.* at 5-6, ¶¶ 19-22. The records at issue are in the Eastern District of Virginia. Declaration of William C. Little, ECF No. 24, ¶¶ 17-22. The Department of

---

[2] The court construes Mr. Pickard's filings liberally. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (courts must construe *pro se* filings liberally).

C 10-05253 LB
ORDER TRANSFERRING CASE
2

1  Justice moved to dismiss his first amended complaint, or in the alternative, to transfer this case to
2  either the District of Arizona, the Eastern District of Virginia, or the District of Columbia.  Motion,
3  ECF No. 23 at 4-7.

4  On April 22, 2011 and April 25, 2011, Mr. Pickard asked for leave to file a second amended
5  complaint.  Motion, ECF No. 29; Motion, ECF No. 30.  The court also granted him leave to file a
6  late response to the motion to transfer for improper venue and gave the Department until May 16,
7  2011 to file an optional reply.  *See* Motion, ECF No. 33; 5/7/11 Order, ECF No. 35.

### III.  ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue.  If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," may transfer the case "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (any dismissal for improper venue must be without prejudice).  Ordinarily, the interest of justice requires transfer to the proper venue rather than dismissal.  *See Baeta v. Sonchik*, 273 F.3d 1261, 1264-65 (9th Cir. 2001).  After a defendant challenges venue, the plaintiff has the burden to show that venue is proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Munson v. California,* No. C 08-5053 SBA, 2009 WL 264838, * 1 (N.D. Cal. Feb. 4, 2009).  When considering a 12(b)(3) motion, the court need not accept as true all allegations in the complaint and  may consider facts outside the pleadings.  *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).  Still, the court "is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."  *Id.* at 1138.

**A.  Venue is Improper in the Northern District of California**

Because FOIA and the Privacy Act have their own venue provisions, the general venue provisions of 28 U.S.C. § 1391(e) do not apply.  *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991) (applying Title VII venue provision instead of section 1391); *Keen v. Federal Bureau of Investigation*, No. C 97-2657 TEH, 1997 WL 671711, * 1 (N.D. Cal. Oct. 17, 1991).  FOIA and the Privacy Act provide for venue in any of the following districts:

(1) the district where the plaintiff resides or has his principal place of business; (2) the district where the records at issue are located; or (3) the District of Columbia. *See* 5 U.S.C. § 552(a)(4)(B) (FOIA); 5 U.S.C. § 552a(g)(5) (Privacy Act).

It is undisputed that the records at issue in this case are located in the Eastern District of Virginia. William Little Declaration, ECF No. 24 at 4, ¶¶ 17-20. This obviously is not the District of Columbia. Thus, venue is proper here only if Mr. Pickard "resides" here.

The court holds that he resides in the District of Arizona, where he is incarcerated. No Ninth Circuit case addresses the issue. The court appreciates that different districts and circuits have taken different positions. Some courts – including courts here in the Northern District – hold that an incarcerated defendant resides in the district where he is incarcerated. *See In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978); *Keen v. Federal Bureau of Investigation*, No. C 97-2657 TEH (PR), 1997 WL 671711, at *1 (N.D. Cal. Oct. 17, 1997); *Morrell v. United States Dept. of Justice*, No. C 96-4356 VRW, 1996 WL 732499, *1 (N.D. Cal. Dec. 16, 1996); *Royer v. Federal Bureau of Prisons*, No. 1:10-cv-0146 (LMB/IDD), 2010 WL 4827727, at *4-*5 (E.D. Va. Nov. 19, 2010) (citing *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978); *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 129 (D.D.C. 2010); *Bartholemew v. Federal Bureau of Prisons*, No. 1:07-CV-1204, 2008 WL 4400170, at *3 (M.D. Pa. Sept. 23, 2008); *see also Munson v. California*, No. C 09 5053 SBA, 2009 WL 264838, *1 (N.D. Cal. Feb. 4, 2009) (venue under 28 U.S.C. § 1391(b) was in Eastern District of California because prisoner was incarcerated there and injuries occurred there). Others conclude that residence is where the now-incarcerated defendant was last domiciled. *See Simbaqueba v. United States Dept. of Defense*, No. CV 309-066, 2010 WL 2990042, at *3 (S.D. Ga. May 28, 2010); *Santan v. Dept. of Justice*, No. 08-1196, 2008 WL 5574668, at *1-*2 (W.D. La. Dec. 12, 2008); *Manna v. United States Dept. of Justice*, No. 93-81, 1994 WL 808070, at *2-*3 (D.N.J. Apr. 13, 1994) (collecting cases and noting that records were located in New York); *Turner v. Kelley*, 411 F. Supp. 1331, 1332 (D. Kan. 1976).

On balance, the court finds more persuasive the cases holding that an individual resides where he is incarcerated, at least for purposes of FOIA and the Privacy Act. The cases cited by Plaintiff do not change this conclusion. Residency connotes physical presence (as opposed to, for example, the

domicile needed for diversity jurisdiction). Plaintiff also cites *Cohen v. United States*, 297 F.2d 760 (9th Cir. 1962), but that was a criminal case holding that the tax commissioner had properly assessed taxes by mailing a notice to the plaintiff's last known address before his imprisonment. *Id.* at 774. The court also rejects Mr. Pickard's argument that the Department conceded venue in an earlier case. Thus, venue is appropriate in the District of Arizona (where Plaintiff resides), the Eastern District of Virginia (where the records are), or the District of Columbia. Given that the records are in the Eastern District of Virginia, *see* Declaration of William C. Little, ECF No. 24, ¶¶ 17-22, the court transfers the case there.

## B. Second Amended Complaint

Mr. Pickard asks to file a second amended complaint, arguing that he is entitled to do so under Rule 15(a) as a matter of right, and alternatively asking leave to amend.

Mr. Pickard cannot file a second amended complaint as a matter of right. He already filed his first amended complaint as a matter of course. *See* First Amended Complaint, ECF No. 20; 3/18/11 Order, ECF No. 21 (applying mail-box rule and deeming complaint timely filed as a matter of course under Rule 15(a)); s*ee, e.g., CSK Investments, LLC v. Select Portfolio Servicing, Inc.*, No. CV–10–00452–PHX–GMS, 2011 WL 1158551, at *2 (D. Ariz. Mar. 29, 2011) (rejecting argument that a plaintiff may file an amended complaint as a matter of course after each 12(b) motion to dismiss); *Johnson v. Washington Mut.*, No. 1:09-CV-929 AWI DLB, 2009 WL 2997661, at *1 (E.D. Cal. Sept. 16, 2009) ("The filing of a prior amendment extinguishes the right to amend as a matter of right.") (collecting cases). Mr. Pickard thus must seek leave of the court or permission from the Department of Justice. *See* Fed. R. Civ. P. 15(a)(2).

Given the court's ruling that venue is not proper here, the court denies Mr. Pickard leave to amend without prejudice to his seeking leave in the Eastern District of Virginia.

## V. CONCLUSION

The court denies leave to file an amended complaint without prejudice, grants the government's motion to transfer based on improper venue, and orders the case transferred to the Eastern District of

///

///

1  Virginia.  This disposes of ECF Nos. 23, 29, and 30.

2  **IT IS SO ORDERED.**

3  Dated: June 7, 2011

_____
LAUREL BEELER
United States Magistrate Judge